## MID-CENTURY INSURANCE COMPANY,
*Respondent,*

*v.*

## UTAH HOME FIRE INSURANCE COMPANY,
*Appellant.*

### (No. 203-430, CA A21912)

648 P2d 68

Randall B. Kester, Portland, argued the cause for appellant. With him on the briefs were Samuel C. Justi James H. Gidley, and Cosgrave, Kester, Crowe, Gidley Lagesen, Portland.

Margaret H. Leek Leiberan, Portland, argued the cau for respondent. With her on the brief were Lang & Smi Portland.

Before Richardson, Presiding Judge, and Thornton a Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant Utah Home Fire Insurance Company (Utah) appeals from a trial court order granting plaintiff Mid-Century Insurance Company's (Mid-Century) motion for summary judgment. The issue is whether Mid-Century's insured was covered by the personal injury protection (PIP) provisions of a motor vehicle liability policy issued by Utah. We conclude that he was not and therefore reverse and remand.

The evidence shows that Utah issued a motor vehicle liability policy to its insured, Torland. The policy contained a "named-operator" endorsement, which limited liability coverage only to Torland while she was operating any vehicle. No specific vehicle was described in the policy, but Torland owned only one vehicle. The policy provided that if no specific vehicle was described in the policy, then it was understood and agreed that the insured had but one vehicle. The policy contained an endorsement excluding from its coverage "automobiles while driven by any other person * * *." It also contained a PIP endorsement pursuant to former ORS 743.800 (amended by Or Laws 1981, ch 414 § 1) -743.835. Former ORS 743.800 then provided:

> "Every motor vehicle liability policy issued for delivery in this state that covers any private passenger motor vehicle other than a moped or motorcycle shall provide to the person insured thereunder and members of that person's family residing in the same household injured in a motor vehicle accident, passengers injured while occupying the insured motor vehicle and pedestrians struck by the insured motor vehicle, the following hospital, medical, disability and funeral benefits for each accident * * *."

Gutschow, Mid-Century's insured, was injured while driving Torland's vehicle. Mid-Century paid PIP benefits under Gutschow's policy and sought reimbursement from Utah under Torland's policy. When Utah denied liability, Mid-Century brought this action. ORS 743.11. Both parties moved for summary judgment. The court granted Mid-Century's motion.

Utah first contends that its "named-insured" policy only protected Torland and then only when she was operating a vehicle. Therefore, it argues, Gutschow was not

covered by the PIP provisions of Torland's policy, because Torland was not the driver of the vehicle when Gutschow was injured. Utah next contends that even if Torland's vehicle was covered for PIP benefits when that vehicle was being driven by someone other than Torland, Gutschow could not recover under the policy because he was not a "passenger injured while occupying the insured motor vehicle." We need not decide the first contention, because the latter is decisive.

Gutschow was not a passenger in the vehicle; he was the driver. By the provisions of Utah's policy, he was not included in its PIP protection.[1] The court therefore erred when it granted summary judgment for Mid-Century.

The trial court also granted Mid-Century's motion for summary judgment on its claim for attorney fees. That also was error.

Reversed and remanded.

---

[1] When the PIP statute was originally enacted, ORS 743.800 extended coverage to "guest passengers" (Or Laws 1971, ch 523, § 2); the word "guest" was eliminated in 1975. Or Laws 1975, ch 784, § 1.