Argued and submitted May 4, reversed in part; affirmed in part September 26, reconsideration denied November 16, 1984, petition for review denied January 8, 1985 (298 Or 470)

## CAMBRON,
*Respondent,*

*v.*

## The NORTH-WEST INSURANCE CO.,
*Appellant.*

## CAMBRON,
*Appellant,*

*v.*

## The NORTH-WEST INSURANCE CO.,
*Respondent.*

(L-81-2352; CA A29715)

687 P2d 1132

William E. Greenberg, Roseburg, argued the cause for appellant-respondent Cambron. On the briefs were Stephen Sibelman and Randolph Slocum, P.C., Roseburg.

Hugh B. Collins, Medford, argued the cause and filed the briefs for respondent-appellant North-West Insurance Co.

Before Buttler, Presiding Judge, and Warren and Van Hoomissen, Judges.

WARREN, J.

**WARREN, J.**

North-West Insurance Co. appeals from a judgment in favor of plaintiff, finding coverage for a fire loss sustained during the early morning hours on August 20, 1980. We reverse.

Plaintiff purchased a policy of fire insurance from defendant during afternoon business hours on August 20, 1979. The policy specified a "policy period" to run from "8-20-79 to 8-20-80." At approximately 3 a.m. on August 20, 1980, plaintiff's premises were destroyed by fire. Plaintiff submitted a proof of loss to collect under the policy. Defendant refused to pay, claiming that the policy had expired on August 20, 1980, at 12:01 a.m., before the time that the fire started. Plaintiff filed this action to recover under the policy.

At trial, defendant moved for a directed verdict, claiming that plaintiff failed to prove facts sufficient to establish a prima facie case, because the evidence failed to show that the fire began before the policy had expired. The trial judge denied the motion and submitted the following special interrogatory to the jury: "Was the policy of insurance in this case in effect at the time the fire started?" The jury answered, "Yes," and judgment was entered in favor of plaintiff for $10,642.16, plus costs, disbursements and attorney fees to be taxed. After judgment was entered in favor of plaintiff, the court entered an order denying plaintiff attorney fees. In a separate appeal from that order, plaintiff claims that the trial court erred in denying his petition for attorney fees, costs and disbursements. Because we reverse the judgment and find that directed verdict in favor of defendant should have been granted, plaintiff is not entitled to attorney fees.

Defendant claims that the trial court erred in not finding as a matter of law that the policy terminated at 12:01 a.m. on August 20, 1980, and was not in effect at the time the fire started. In support of this position, defendant relies on ORS 743.609, which requires that an insurance policy contain a provision stating that the policy terminate at 12:01 a.m. on

the expiration date.[1] The policy at issue allegedly contained such a provision in a "jacket" to the policy, which explained:

"STATE EXCEPTIONS; OREGON: This policy shall be effective and shall terminate at 12:01 A.M. (Standard Time) on the inception and expiration dates specified in this policy."

Plaintiff claims that ORS 743.609 cannot apply, because he never received the required notice allegedly contained in a "jacket" to the policy. As a result, he argues that coverage must extend through the entire day of August 20, 1980, in order to provide a "full year" of coverage.[2]

■       The construction of an insurance contract is generally a question of law. *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978); *May v. Chicago Insurance Co.*, 260 Or 285, 292-94, 490 P2d 150 (1971). We find no ambiguity or evidence of modification and construe the contract and the relevant statute according to their terms.

■       The original insurance contract between these parties is clear as to the August 20, 1980, termination date. Plaintiff concedes that the fire started after 12:01 a.m. on August 20, 1980. The only issue is whether ORS 743.609 applies. We conclude that it does. The law existing at the time and place of the making of an insurance contract is as much a part of the contract as if it had been specifically included in the contract. *See Garrow v. Pennsylvania Gen. Ins. Co.*, 288 Or 215, 220, 603 P2d 1175 (1979); *Cranston v. California Ins. Co.*, 94 Or 369, 379, 185 P 292 (1919). ORS 743.609 is a mandatory statutory provision that the policy terminate at a specific time, and the policy must be construed and applied in accordance with the statute. ORS 743.069(2).[3] Whether or not plaintiff received or

---

[1] ORS 743.609 provides, in pertinent part:

"A fire insurance policy shall contain provisions as follows: 'In consideration of the provisions and stipulations herein or added hereto and of -------- dollars ($-----) premium this company, for the term of ----- from the ----- day of ---------, 19--, to the ----- day of ---------, 19--, at 12:01 a.m. * * *' "

[2] The policy itself states only that the policy period is from August 20, 1979, to August 20, 1980.

[3] ORS 743.069(2) provides:

"Any insurance policy issued and otherwise valid which contains any condition, omission or provision not in compliance with the Insurance Code, shall not be thereby rendered invalid but shall be construed and applied in accordance with

read the notice contained in the jacket of the policy, the policy must be construed to have expired at 12:01 a.m. on the termination date specified in the policy.

■ ■     For purposes of uniformity and certainty, the legislature mandated a specific time of expiration in ORS 743.609. Plaintiff suggests, but we do not agree, that only an insured is entitled to benefit from the certainty provided by the statute. When uniformity is the purpose of a statute, both parties must be bound and benefited.

■     In the alternative, plaintiff claims that the jury could find coverage on an estoppel theory inferred from the renewal request sent by defendant to plaintiff, specifying a renewal date of August 20, 1980. Assuming, without deciding, that the renewal notice implied that plaintiff was covered through the day of August 20, 1980, there is no evidence whatsoever that plaintiff relied in any manner on this "mistaken" impression.

Judgment entered September 2, 1983, is reversed; order entered December 1, 1983, denying attorney fees, costs and disbursements is affirmed.

---

such conditions and provisions as would have applied had such policy been in full compliance with the Insurance Code."