Argued and submitted January 21, affirmed March 9, reconsideration denied May 6, petition for review denied May 24, 1988 (305 Or 672)

## BOYER METAL FAB, INC.,
*Appellant,*

*v.*

## MARYLAND CASUALTY COMPANY,
*Respondent.*

(A8601-00175; CA A44322)

750 P2d 1195

Curt B. Anderson, Oregon City, argued the cause for appellant. With him on the briefs were Nancy S. Tauman and Hibbard, Caldwell, Bowerman & Schultz, Oregon City.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were Nickolas J. Dibert and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is a breach of contract action by plaintiff insured against its liability insurer for indemnity for expenses incurred in defending and paying a judgment in an underlying action for which defendant denied coverage. The trial judge granted defendant's motion for summary judgment, and we affirm.

Plaintiff is in the business of forming metal and manufacturing metal parts for use in the products of others. In 1978, plaintiff formed precut metal plates provided by Pacific Tank and Construction Corporation (Pacific), according to Pacific's specifications. The plates were to be used in a tank being constructed by Pacific. Forming plates is a trial and error process. Plaintiff and Pacific understood that, if the plates would not fit, they would be returned to plaintiff for further work.[1] The plates did not fit properly, and a Pacific employe was injured when he attempted to attach the plates to the tank. He filed a negligence action against plaintiff. Defendant refused to defend plaintiff on the basis that the insurance policy did not cover products liability. Plaintiff hired its own attorney and defended the action. Judgment was entered in favor of the injured Pacific employe. Plaintiff then filed this action.

The general liability policy purchased by plaintiff from defendant expressly excluded coverage for "product hazard" and "completed operations hazard." The trial judge concluded that the metal plates were plaintiff's product and that, therefore, the "product hazard" exclusion in the policy applied.

Plaintiff contends that neither the "product hazard" nor the "completed operations hazard" exclusion was applicable, because plaintiff furnished a service rather than a product, and the operation was not completed, because the part furnished required additional work. It also argues that defendant is estopped from relying on the completed operation exclusion. Defendant argues that the summary judgment,

---

[1] Those facts were introduced by plaintiff in its secretary's affidavit. Although defendant contends that certain other allegations of the affidavit are inadmissible as hearsay, it does not contest the admissibility of that particular evidence. We, therefore, assume that it is undisputed and admissible.

based on the product hazard exclusion, was proper and that, in the alternative, if the fabricated metal was not a product, the summary judgment should be affirmed, because the completed operation exclusion applies. It contends that the estoppel argument is without merit, because it was not pled, and that plaintiff cannot use estoppel to expand coverage which was unambiguously excluded under the insurance policy.

Plaintiff concedes that, if the metal that it fabricated was a "product," coverage was not available. We will assume that it was not a product. We conclude, however, that there is no coverage, even if it was an "operation," because the operation was completed within the meaning of the policy. After excluding coverage for "completed operations," the policy says:

> " '[C]ompleted operation hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

> "(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed.

> "(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

> "(3) when the portion of the work out of which the injury or damages arises has been put to its intended use by any person or organization other than another contractor or a subcontractor engaged in performing operations for a principal as a part of the same project.

> "Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed."

■ The interpretation of an insurance contract is a question of law, unless the language of the contract is ambiguous or technical words or terms of art are used and evidence has been admitted to show meaning. *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978).

■    We find nothing ambiguous in the policy. The exclusion expressly applies to work which is complete and capable of being put to its intended use if it were not for defects which require correction. The labor furnished by plaintiff to Pacific, that is, forming the plates, was completed, and the plates were relinquished to Pacific. At the time of the injury, off the insured's premises, the fabricated metal was in the process of being put to its intended use. Although plaintiff and Pacific may have anticipated that additional work would be required, the operation was complete from the standpoint of plaintiff, unless correction were required due to a defect or deficiency. We hold that, although correction was required, the operation was deemed complete under the contract between plaintiff and defendant.[2]

■ ■    Finally, we address plaintiff's estoppel argument. When coverage is provided by a policy, but may be forfeited by acts of the insured, an insurer may be estopped to assert the forfeiture. Estoppel cannot, however, be employed to create coverage where none existed under the policy. In *ABCD...Vision v. Fireman's Fund Ins. Companies,* 304 Or 301, 307, 744 P2d 998 (1987), the Supreme Court explained:

> "When an insurer's assertion of policy defenses is challenged by claiming that policy exclusions have been lost through estoppel, the correct procedure is to determine first whether the provision upon which the insurer relies are conditions of forfeiture that are subject to estoppel, or, instead, are matters relating to the scope of coverage. Estoppel cannot be invoked

---

[2] Plaintiff relies on a number of cases from other jurisdictions holding the completed operations hazard exclusion inapplicable unless the object of the operation is capable of serving its purpose. *See, e.g., Woodard v. N.C. Farm Bureau Mut. Ins.,* 44 NC App 282, 261 SE2d 43, *cert den* 299 NC 546 (1979); *W.N. Leslie, Inc. v. Traveler Insurance Co.,* 264 So C 408, 215 SE2d 448 (1975). To the contrary, courts in other jurisdictions have held that a failure to perform a contemplated act or negligent or improper performance does not render an operation incomplete. *See, e.g., Martinez v. Hawkeye-Security Ins. Co.,* 195 Colo 184, 576 P2d 1017 (1978); *Aetna Casualty and Surety Co. v. Rothman,* 331 So2d 81 (La App 1976). We do not find the cases cited by plaintiff to be persuasive, because they ignore the express "deem to be completed" clause and purport to interpret unambiguous language. They ignore that the purpose of the product hazard and completed operations hazard coverage is to insure against the risk that the product or work, if defective, will cause bodily injury or damage to property of others after it leaves the insured's hands. Henderson, "Insurance Protection for Products Liability and Completed Operations—What Every Lawyer Should Know," 50 Neb L Rev 415, 441 (1971). When the insured does not obtain that kind of coverage, there is no coverage if the insured's product or work, even though defective, causes damage after the product or work has left its control.

to expand insurance coverage or the scope of an insurance contract. * * *

"When there is forfeiture of coverage being effected, there is insurance coverage for the loss in the first place, but acts of the insured nullify the coverage, such as the filing of a false statement of loss in *Ward* [*v. Queen City Ins. Co.*, 69 Or 347, 128 P 1067 (1914)]. Here, there never was coverage * * *. Nothing in the estoppel doctrine of *Ward* prevents the insurer from [employing] defenses against coverage of this loss." (Citations omitted.)

It is obvious that completed operations hazard exclusion is not a forfeiture clause, but only limits the scope of coverage. Therefore, plaintiff cannot succeed on the theory of estoppel. Summary judgment was proper.

Affirmed.