Argued and submitted January 27, affirmed April 22, 1992

William OLSON,
*Appellant,*

*v.*

NATIONAL INDEMNITY COMPANY,
*Respondent.*

(A9009-05932; CA A67946)

829 P2d 716

Craig T. Johnson, Lake Oswego, argued the cause and filed the brief for appellant.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were Jeremy E. Zuck and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Plaintiff, the insured of the defendant fire insurer, appeals the dismissal of his action on the ground that it was not brought within the one-year limitation period specified in the policy. Plaintiff does not contend that he brought the action within that period, but argues that the contractual limitation is invalid.

The policy provides:

"No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the loss."

ORS 742.240 provided, at the relevant times:

"A fire insurance policy shall contain a provision as follows:

" 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.' "[1]

Plaintiff's theory is that, although there is no difference between the contractual and the statutory limitation period, the statute requires insurance policies to duplicate its exact language. Because the policy here does not do so, plaintiff reasons that its limitation provision is invalid. He concludes that, in the absence of a valid policy provision, the applicable limitation period is the six years that ORS 12.080 provides for actions on contracts.

Assuming, but by no means deciding, that plaintiff's premises are correct, his conclusion is not. If the policy does not comply with the statute, we must construe it to contain any mandatory statutory requirements that it omits. *See Cambron v. North-West Ins. Co.*, 70 Or App 51, 687 P2d 1132 (1984), *rev den* 298 Or 470 (1985). Therefore, if the limitation period in the policy is ineffective, the applicable limitation is the one-year period under ORS 742.240.

Affirmed.

---

[1] ORS 742.240 was amended by Oregon Laws 1991, chapter 437, section 1, to provide a 24-month limitation. Section 2 of the act makes the amendment applicable "to policies issued or renewed on or after" January 1, 1992, the effective date of the act. The policy here was issued for the period of July 30, 1988, to July 30, 1989.