Argued and submitted October 2, affirmed December 4, 1996, petition for review denied June 17, 1997 (325 Or 438)

Deborah E. HERMAN,
*Appellant,*

*v.*

VALLEY INSURANCE COMPANY,
*Respondent.*

(95C-10832; CA A90019)

928 P2d 985

Lindsey H. Hughes argued the cause for appellant. With her on the briefs was Hallmark, Keating & Abbott, P.C.

Jeffrey D. Eberhard argued the cause for respondent. With him on the brief were M. Robert F. Smith and Smith, Freed, Heald & Chock, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff appeals from a summary judgment for defendant Valley Insurance Company (Valley). ORS 19.010. The trial court ruled that the suit limitation provision in plaintiff's homeowner's insurance policy with Valley barred her suit against it. We affirm.

■   We view the facts in the light most favorable to plaintiff, the nonmoving party. ORCP 47 C; *Jones v. General Motors Corp.*, 139 Or App 244, 911 P2d 1243, *rev allowed* 323 Or 483 (1996). Plaintiff purchased a homeowner's insurance policy from Valley. ORS 742.240 requires such policies[1] to contain the following suit limitation provision or its substantial equivalent:[2]

> "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 24 months next after inception of the loss."

Plaintiff's policy contained the following provision:

> "8. Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within two years after the date of loss."

Plaintiff's home was burglarized on March 21, 1993. She notified Valley about the theft the next day. She also informed Valley that she could not find a copy of her policy, but she did not request another copy. Subsequently, Valley sent plaintiff a proof of loss form, which she filled out and returned around April 1, 1994. Valley rejected the form, because it was incomplete. In September, Valley sent her a second form, which she never received. Plaintiff made several

---

[1] By its terms, ORS 742.240 applies only to fire insurance policies. As construed, it applies to homeowner's insurance policies as well. *See Hatley v. Truck Insurance Exchange*, 261 Or 606, 494 P2d 426, 495 P2d 1196 (1972) (property insurance policy with vandalism endorsement required by ORS 742.240 to contain suit limitation provision).

[2] The language of the required policy provision need not follow the language of the statute verbatim. *See Olson v. National Indemnity Co.*, 112 Or App 359, 829 P2d 716 (1992) (holding that if policy provision is ineffective, statutory provision governs).

telephone calls to Valley to discuss her claim but she never spoke with the representative who had been assigned to process that claim. In December, plaintiff received a letter from Valley's attorney informing her that she had failed to complete and return the second proof of loss form and that such failure was a breach of one of her duties under the policy. The letter warned plaintiff that Valley "reserves all of its rights" under the policy and that "[n]o waiver or estoppel is intended and none should be implied." Plaintiff told the attorney that she had never received the second proof of loss form. Valley sent her a third form. A letter enclosed with that form repeated Valley's warning that it reserved its rights and defenses. Plaintiff returned the form to Valley on March 8, 1995. On March 15, Valley rejected it as incomplete and sent a fourth proof of loss form to plaintiff. The letter accompanying that form warned plaintiff that ORS 742.240 required that any suit on the policy had to be filed within two years after the date of loss. It also warned plaintiff that Valley would not waive that time limitation and it repeated the statement reserving Valley's rights and defenses. On March 20, plaintiff made a telephone call to Valley's attorney, who explained to her that she had until the next day to file suit and suggested that she contact an attorney. Plaintiff did so and, on March 21, 1995, filed a complaint and mailed a copy to Valley. Valley received the complaint on March 24.

The caption of the complaint names "J.R. Price and Associates, Inc., dba Valley Insurance Company" as the defendant. There is no other reference to the defendant in the body of the complaint or in the prayer for relief. J.R. Price and Associates, Inc., is a La Grande, Oregon, corporation doing business under the business name Valley Insurance Company. Valley, by contrast, is an Albany, Oregon, corporation that is wholly unrelated to J.R. Price and Associates, Inc. On April 13, plaintiff served Valley with an amended complaint, naming "Valley Insurance Company" as the defendant. Valley answered and asserted as an affirmative defense the statutorily required suit limitation provision of the insurance policy. The trial court granted Valley's subsequent motion for summary judgment.

■        Plaintiff assigns error to the trial court's grant of summary judgment. We review to determine whether any

genuine issue of material fact exists and whether defendant is entitled to judgment as a matter of law. ORCP 47 C; *Jones,* 139 Or App 244. Interpretation of an insurance policy is a question of law.[3] *Hoffman Construction Co. v. Fred S. James & Co.,* 313 Or 464, 469, 836 P2d 703 (1992).

■      Plaintiff first argues that her original complaint, filed before the limitation period had expired, properly names Valley, because the reference to "J.R. Price and Associates, Inc.," is a partial misnomer. She contends that, under ORCP 12, the trial court should have construed the complaint liberally by striking the words "J.R. Price and Associates, Inc.," from the caption, leaving "Valley Insurance Company" as the named defendant. Alternatively, plaintiff argues that her amended complaint, filed after the limitation period had expired, substitutes Valley, but relates back to the date that the original complaint was filed. Valley responds that the original complaint names the wrong defendant and that Valley did not receive the amended complaint within the applicable limitation period as required by ORCP 23 C.

ORCP 12 provides for the liberal construction of all pleadings:

> "**A   Liberal Construction**. All pleadings shall be liberally construed with a view toward substantial justice between the parties.
>
> "**B   Disregard of error or defect not affecting substantial right**. The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." (Boldface in original.)

That rule, however, does not authorize courts to circumvent ORCP 23 C and substitute a different defendant by disregarding the caption of a complaint. J.R. Price and Associates, Inc., has no relationship to Valley and it is of no consequence that J.R. Price and Associates, Inc., does business under the business name "Valley Insurance Company." By naming

---

[3] The parties make no argument that this case requires us to declare the meaning of ORS 742.240. We agree that analysis under *PGE v. Bureau of Labor and Industries,* 317 Or 606, 859 P2d 1143 (1993), is not warranted.

"J.R. Price and Associates, Inc., dba Valley Insurance Company" in her original complaint, plaintiff subjected J.R. Price and Associates, Inc., to potential liability and placed its corporate assets at risk. Conversely, plaintiff's original complaint never placed Valley's assets at risk. Plaintiff's amended complaint substitutes parties; it does not merely correct a partial misnomer. *See Maslov v. Manning*, 239 Or 393, 398-99, 397 P2d 833 (1964) (where a plaintiff "seeks to impose liability upon a different 'entity' * * *, where the quantum of assets amenable to execution might be materially changed," misnomer analysis does not apply and "courts * * * generally * * * sustain[ ] the substituted defendants defense"). Consequently, plaintiff's original complaint does not properly name Valley.

■ Nevertheless, an amended complaint substituting a different defendant relates back to the date that the original complaint was filed if the claim in the amended complaint stems from the same factual predicate as the claim in the original complaint, and

> *"within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action* that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment." ORCP 23 C. (Emphasis supplied.)

As provided by the suit limitation provision in plaintiff's homeowner's insurance policy, the period for commencing her action against Valley—the party to be brought in by amendment—is two years from the date of loss. Plaintiff's home was burglarized on March 21, 1993. Valley did not receive notice of the institution of plaintiff's action until March 24, 1995, more than two years after the burglary. Consequently, plaintiff's amended complaint does not meet the requirements of ORCP 23 C and does not relate back to the date on which she filed her original complaint. *Hamilton v. Moon*, 130 Or App 403, 405, 882 P2d 1134, *rev den* 320 Or 492 (1994); *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 85,

852 P2d 240, *rev den* 317 Or 605 (1993). Therefore, as a matter of law, neither plaintiff's original nor amended complaint was timely filed against Valley.

Nonetheless, plaintiff argues, the statutorily required suit limitation provision is a contractual condition of forfeiture, not a statute of limitations. She contends that, regardless of the timeliness of her complaints, in order for Valley to prevail on a condition of forfeiture defense, it must show not only that her failure to comply with the suit limitation provision prejudiced Valley, but also that her failure to comply was unreasonable. If the suit limitation provision is not a condition of forfeiture, plaintiff's alternative argument is that before an insurer can rely on such a provision to deny liability, it must show that it was prejudiced by the insured's failure to file suit within the limitation period. Valley responds that the suit limitation provision is a statute of limitations and should be strictly construed. If the suit limitation provision is a condition of forfeiture, Valley's alternative argument is that the proper test is whether Valley is estopped to assert the provision, not whether Valley suffered prejudice and plaintiff acted unreasonably.

As a preliminary matter, we hold that the statutorily required suit limitation provision in plaintiff's insurance policy is a contract condition rather than a statute of limitations. ORS 742.240, which mandates the inclusion of the suit limitation provision,

> "is not a statute of limitations. [Rather, i]t is one of a series of sections in the insurance code which require[s] that various specific provisions be contained in [homeowner's] insurance policies * * *."

*Ben Rybke Co. v. Royal Globe Insurance Co.*, 293 Or 513, 517, 651 P2d 138 (1982) (citations omitted) (referring to *former* ORS 743.660, later renumbered ORS 742.240). The next question is whether that contractual condition is a condition of forfeiture.

A condition of forfeiture exists when "there is insurance coverage for the loss in the first place, but acts of the insured nullify the coverage * * *." *ABCD... Vision v. Fireman's Fund Ins. Companies*, 304 Or 301, 307, 744 P2d 998

(1987). A condition of forfeiture disallows claims that otherwise are covered under a policy. A suit limitation provision, by contrast, does not nullify insurance coverage. Rather, it precludes an insured from starting an action against its insurer once the limitation period has passed, regardless of the extent of coverage.

Plaintiff's policy includes coverage for loss from theft, but plaintiff did not file suit against Valley within the time specified by the suit limitation provision. Although plaintiff's failure timely to exercise her rights precludes her from recovering against Valley, her original coverage has never been nullified. Under these facts, the suit limitation provision in plaintiff's policy is not a condition of forfeiture. Consequently, we need not address plaintiff's argument that, under a condition of forfeiture defense, Valley must show both that it was prejudiced by plaintiff's late filing and that that late filing was unreasonable.[4]

■ We turn to plaintiff's alternative argument on this point, which is that Oregon law should be extended to require an insurer to show prejudice before it can assert a suit limitation provision as an affirmative defense.[5] Plaintiff contends that three factors compel such an extension:

"(1) [T]he insured's expectation that coverage will not be arbitrarily denied;

---

[4] The prejudice/unreasonable conduct test first was articulated by the Supreme Court in *Lusch v. Aetna Cas. & Surety Co.*, 272 Or 593, 599, 538 P2d 902 (1975). *Federated Service Ins. Co. v. Granados*, 133 Or App 5, 9, 889 P2d 1312, *rev den* 321 Or 512 (1995) restated the test succinctly:

"[T]he first inquiry is whether the insurer was prejudiced by the claimant's conduct. If so, the second inquiry is whether the claimant nevertheless acted reasonably in breaching the * * * provision."

[5] Courts in some jurisdictions have so held. *See, e.g., Estes v. Alaska Ins. Guar. Ass'n*, 774 P2d 1315 (Alaska 1989) (showing of prejudice required before relying on suit limitation provision); *Zuckerman v. Transamerica Ins. Co.*, 133 Ariz 139, 650 P2d 441 (1982) (same); *ACF Produce, Inc. v. Chubb/Pacific Indem. Group*, 451 F Supp 1095 (ED Pa 1978) (same). Courts in other jurisdictions have refused to require a showing of prejudice. *See, e.g., Schreiber v. Pa. Lumberman's Mut. Ins.*, 498 Pa 21, 444 A2d 647 (1982) (no showing of prejudice required before relying on suit limitation provision); *Simms v. Allstate Ins. Co.*, 27 Wash App 872, 621 P2d 155 (1980) (same); *Donahue v. Hartford Fire Insurance Company*, 110 RI 603, 295 A2d 693 (1972) (same).

"(2)   Oregon's requirement that an insurer establish prejudice before asserting coverage is barred by failure to receive timely notice of claim; and

"(3)   [T]he rule that prejudice is required before a condition of forfeiture will be enforced."

As explained below, we find those factors unpersuasive and conclude that an insurance company is not required to show that it was prejudiced by its insured's failure to file suit within the limitation period before it can assert the suit limitation provision as an affirmative defense.

First, because plaintiff's policy contains an explicit suit limitation provision, Valley's reliance on that provision cannot be said arbitrarily to deny plaintiff's expectations under the policy. Furthermore, the suit limitation provision is required by ORS 742.240. That statute reflects the legislature's balancing of the interests of insurers and insureds and represents a legislative judgment regarding the reasonable period within which suits must be brought by insureds. *Schreiber v. Pa. Lumberman's Mut. Ins.*, 498 Pa 21, 24, 444 A2d 647, 649 (1982). Imposition of a prejudice requirement would undermine the legislatively mandated suit limitation period in insurance policies and virtually repeal ORS 742.240. *See Zuckerman v. Transamerica Ins. Co.*, 133 Ariz 139, 147, 650 P2d 441, 449 (1982) (Holohan, C. J., dissenting) (criticizing Supreme Court holding requiring showing of prejudice before insurer can assert as affirmative defense statutorily required suit limitation provision).

■   Second, the rule that an insurer must show prejudice before it can deny coverage for failure to receive timely notice of a claim by its insured has no applicability in the context of suit limitation provisions. The purpose of timely notice is

"for the insurer to adequately investigate the potential claim and thus protect itself and the insured. This is the purpose of giving notice. Restated, the question is whether the insurer is prejudiced by the failure of the insured to give notice as soon as practicable." *Lusch*, 272 Or at 597.

Suit limitation provisions serve a different purpose. They enable an insurer to fix its present and future liabilities and

to close stale claim files. *Zieba v. Middlesex Mutual Assurance Co.*, 549 F Supp 1318, 1321 (D Conn 1982); *Brandywine One Hundred Corp. v. Hartford Fire Ins. Co.*, 405 F Supp 147, 151 (D Del 1975). Without such a limitation provision, an insurer could not accurately forecast its future liabilities, set aside proper reserves, or close even ancient claim files. Considering the purpose of suit limitation provisions, there is no legal basis or policy rationale for requiring Valley to show that it was prejudiced by plaintiff's untimely filing.[6]

■      Plaintiff's final argument is that genuine issues of material fact exist about whether Valley is estopped by its conduct to raise the suit limitation provision as an affirmative defense. Valley contends that no estoppel can be found from the facts in the summary judgment record.

■      Under the proper circumstances, an insurer may be estopped from asserting a suit limitation provision as a defense to liability on an insurance policy, whether or not the provision is characterized as a condition of forfeiture. *Moore v. Mutual of Enumclaw Ins. Co.*, 317 Or 235, 244 n 7, 855 P2d 626 (1993); *see ABCD... Vision*, 304 Or at 307 ("When an insurer's assertion of policy defenses is challenged * * *, the correct procedure is to determine first whether the provisions upon which the insurer relies are conditions of forfeiture that are subject to estoppel * * *."); *Kabban v. Mackin*, 104 Or App 422, 426, 801 P2d 883 (1990) (statutorily required fire policy provision excluding coverage for buildings later vacated or left unoccupied for more than 60 days "is a condition of forfeiture which is always subject to estoppel"); *Boyer Metal Fab v. Maryland Casualty Co.*, 90 Or App 103, 107, 750 P2d 1195, *rev den* 305 Or 672 (1988) ("When coverage is provided by a policy, but may be forfeited by acts of the insured, an insurer may be estopped to assert the forfeiture."). The elements of estoppel are set out in *Lyden v. Goldberg*, 260 Or 301, 304, 490 P2d 181 (1971):

> " '[T]here must (1) be a false representation; (2), it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other

---

[6] Our earlier conclusion that the suit limitation provision is not a condition of forfeiture makes discussion of plaintiff's third factor unnecessary.

party; and (5) the other party must have been induced to act upon it.'

"* * * * *

"To invoke the doctrine of estoppel, the * * * insurance company[ ] must have done something that amounted to an affirmative inducement that would cause plaintiff to delay bringing [her] action."

*See also Paulson v. Western Life Insurance Co.*, 292 Or 38, 52, 636 P2d 935 (1981) (adopting same elements of estoppel where insurer asserts policy condition as defense). "There must, however, be a justifiable reliance by the party seeking to invoke estoppel, and that reliance must be reasonable." *Johnson v. Kentner*, 71 Or App 61, 72, 691 P2d 499 (1984), *rev den* 299 Or 31 (1985).

In order for plaintiff to avoid summary judgment, the record must contain sufficient evidence from which an objectively reasonable juror could find an estoppel. ORCP 47 C; *Jones*, 139 Or App 244. Viewed in the light most favorable to plaintiff, the record does not show that Valley made any false representations or affirmatively induced plaintiff to delay in bringing her action. Valley was not obligated to remind plaintiff of the suit limitation provision in her policy, but it expressly did so on several occasions. The letters that Valley sent to plaintiff in the months before the limitations period passed warned her that Valley would not waive any of its rights under the policy and that no waiver or estoppel was intended or should be implied. Plaintiff makes much of the fact that she initially told Valley that she could not find her policy. However, plaintiff mentioned her lost policy only once and never requested another copy. Her belief that Valley actively was considering her claim and that her rights were protected was not reasonable considering Valley's representations and conduct. On the facts in the summary judgment record, no objectively reasonable juror could find that Valley should be estopped from raising the suit limitation provision as an affirmative defense.

The trial court did not err in granting Valley's motion for summary judgment.

Affirmed.