**Robert L. HARRINGTON,**
**Plaintiff—Appellant,**

**v.**

**AMERICAN ECONOMY INSURANCE COMPANY,** an Indiana corporation, Defendant—Appellee.

No. 03–36045.
D.C. No. CV 03–0712 MWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided May 16, 2005.

William F. Gary, Sharon A. Rudnick, Harrang Long Gary Rudnick, PC, Eugene, OR, for Plaintiff–Appellant.

John A. Bennett, R. Daniel Lindahl, Bullivant Houser Bailey, PC, Portland, OR, for Defendant–Appellee.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

In 2003, Robert Harrington brought suit against his former insurer, American Economy Insurance Company ("American Economy"), seeking compensation for losses caused by employee theft, which was covered under businessowner's insurance

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

policies in effect between 1989 and 2000. The district court granted summary judgment in favor of American Economy because the policies contained a suit-limitation provision that prevented Harrington from recovering for losses that occurred more than two years before the date he filed suit. Harrington argues that the district court's interpretation of the suit-limitation provision runs contrary to Oregon's strong policy in favor of recovery and that the provision should be subject to a "discovery" rule. We disagree and affirm the district court.

On its face, the suit-limitation provision limits recovery for losses more than two years old. The policy provision states: "No one may bring a legal action against us under this insurance unless ... [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred."

Oregon law requires that all fire insurance policies contain a suit-limitation provision virtually identical to the one at issue in this case.[1] *See* Or.Rev.Stat. § 742.240. The Oregon Supreme Court has held that the suit-limitation provision mandated by § 742.240 is to be strictly interpreted and is not subject to a "discovery rule." *Moore v. Mutual of Enumclaw Ins. Co.,* 317 Or. 235, 855 P.2d 626, 634–35 (1993). Further, Oregon courts have applied § 742.240 expansively, holding that it applies to losses caused by sources other than fire damage. *Hatley v. Truck Ins. Exch.,* 261 Or. 606, 494 P.2d 426, 428–29 (1972), *adhered to on rehearing,* 261 Or. 606, 495 P.2d 1196 (1972); *Herman v. Valley Ins. Co.,* 145 Or.App. 124, 928 P.2d 985, 987 n. 1 (1996).

1. The policies in issue also insured against fire loss. Thus, they were required to include the statutorily-mandated limitation provision.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

Because the plain meaning of the suit-limitation provision in Harrington's insurance policies, which is entirely consistent with Oregon case law, bars further recovery, the judgment of the district court is **AFFIRMED.**