**KONELL CONSTRUCTION AND DEMOLITION CORP., an Oregon Corporation, Plaintiff—Appellant,**

v.

**VALIANT INSURANCE COMPANY, an Iowa Corporation, Defendant—Appellee.**

No. 04–35453.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Nov. 7, 2005.

---

James T. McDermott, Kevin S. Mapes, Ball Janik & Novack, Portland, OR, for Plaintiff-Appellant.

Gregory L. Baird, Gordon & Polscer LLP, Portland, OR, for Defendant-Appellee.

Before FISHER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

■ Plaintiff Konell Construction appeals the district court's order granting Defendant Valiant Insurance's cross-motion for summary judgment. We reverse and remand.

Because the parties are familiar with the facts, we recount them here only as necessary to explain our disposition. Konell purchased liability insurance from Valiant which, in addition to general liability insurance, included separate "Limited Pollution Liability Coverage." This Limited Pollution Coverage provided $100,000 aggregate and "per incident" pollution coverage.

The terms of the Limited Pollution Coverage state in part: "This insurance applies to ... 'environmental contamination' only if the ... 'environmental contamination' is caused solely by a 'pollution incident' which must: .... [b]e reported by the insured to [Valiant] within 30 days from the commencement of the 'pollution incident.'" This coverage's terms define a "pollution incident" as: "the emission, discharge, release, or escape of 'pollutants' which happens at or emanates from a 'work site' provided that such emission, discharge release or escape results in 'environmental contamination.' The entirety of any such emission, discharge, release, or escape will be deemed to be one 'pollution incident.'"

On July 18, 21, and 22, 1997, Konell demolished a building pursuant to a contract with UBEHO Investment Company and filled the demolition area with founda-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion rubble and fill dirt delivered to the site. On September 11, 1997, UBEHO notified Konell that tests on the site had revealed that the fill dirt Konell used was contaminated with petroleum and demanded Konell perform environmental remediation. An arbitrator found that Konell was entitled to the balance due under the contract, but awarded $184,883 in remediation costs to UBEHO, plus interest.

After learning of the contamination from UBEHO, Konell "promptly" notified Valiant pursuant to the terms of its policy. Valiant refused coverage, stating that Konell failed to comply with the Limited Pollution Liability Coverage's 30–day notice provision. Konell filed suit and the district court granted Valiant's motion for summary judgment, concluding that Konell's failure to comply with the Limited Pollution coverage's 30–day notice provision precluded coverage under the policy.

This court has diversity jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's grant of summary judgment, *Zurich Am. Ins. Co. v. Whittier Props., Inc.*, 356 F.3d 1132, 1134 (9th Cir.2004), and its interpretation of insurance policy language. *Stanford Ranch Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 624 (9th Cir.1996). Because this is a diversity case, the court applies Oregon's substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Generally, the interpretation of an insurance policy is a question of law. *St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting Co.*, 324 Or. 184, 923 P.2d 1200, 1205 (1996).

Konell contends the Limited Pollution Coverage's requirement that the insured notify Valiant "within 30 days from the commencement of the 'pollution incident'" is ambiguous and as such should be construed against Valiant. Even if we assume *arguendo* that the provision's language is plain and does not permit Konell's proposed interpretation,[1] the district court order granting summary judgment for Valiant was still improper because Valiant did not offer evidence sufficient to raise a triable issue of fact that the delay of notice prejudiced it.

Under Oregon law:

If an insured fails to give immediate notice to its insurer of a possible claim, the viability of the insurer's policy obligation turns on a two-part inquiry: (1) whether the insurer has been prejudiced by that late notice because notice was not received in time for the insurer to make a reasonable investigation and adequately to protect its interest and that of the insured; and (2) if the insurer was prejudiced because it could not adequately investigate, whether the insured acted reasonably in failing to give notice at an earlier time.

*Carl v. Oregon Auto. Ins. Co./N. Pac. Ins. Co.*, 141 Or.App. 515, 918 P.2d 861, 863 (1996) (citing *Lusch v. Aetna Cas. & Sur. Co.*, 272 Or. 593, 538 P.2d 902, 904–05 (1975)).

The district court improperly rejected Konell's argument that Valiant had to show prejudice to avoid its policy obligations, citing *Herman v. Valley Ins. Co.*, 145 Or.App. 124, 928 P.2d 985 (1996). The provision at issue in the Valiant policy is a notice requirement, not a statutorily mandated suit limitation as in *Herman*. The policy itself distinguishes between the insured's providing notice of a pollution incident on the one hand and making a claim

---

1. The policy's late notice provision could arguably be conditioned on the insured's knowledge of the incident because the provision requires that notice "be reported by the insured," but we need not decide this issue.

774

or bringing suit on the other. Statutorily-mandated suit limitations provisions differ significantly from contractual notice requirements, as the *Herman* court acknowledged. 928 P.2d at 990–91.

■ Valiant next argues that Konell's Limited Pollution Coverage constituted a "claims-made" policy, "in which coverage is [triggered only] by claims made within the policy period, regardless of when the events that caused the claim to materialize first occurred." *Pension Trust Fund v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002). In regards to a claims-made policy, an insurer does not need to prove that it was prejudiced by late notice to avoid indemnifying an insured because notice outside the policy period, by definition, means no coverage existed. *See id.* at 955–57. However, Konell's policy is not "claims-made" but rather "occurrence-based," "in which coverage is triggered by events that occur within the policy period, even if they lead to claims years after the policy period." *Id.* at 956. Since the "pollution incident" in this case occurred within the policy period, Valiant must prove that Konell's late notice prejudiced Valiant so as to warrant Konell forfeiting its coverage.

Because the district court incorrectly concluded that Valiant need not show prejudice as a matter of law, we REVERSE and REMAND this case to the district court for a determination of whether genuine issues of material fact exist on that question.