Argued and submitted June 9, affirmed October 12, 2011, petition for review denied April 19, 2012 (351 Or 761)

Brandon SHEPTOW,
*Plaintiff-Respondent,*

*v.*

GEICO GENERAL INSURANCE COMPANY,
a foreign corporation,
*Defendant-Appellant.*

Deschutes County Circuit Court
09CV0041MA; A144862

265 P3d 4

Ronald L. Roome argued the cause for appellant. With him on the briefs was Karnopp Petersen LLP.

Bruce J. Brothers argued the cause for respondent. With him on the brief were Lawrence M. Gorman and Bruce J. Brothers & Associates.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

BREWER, C. J.

---

* Brewer, C. J., *vice* Rosenblum, S. J.

## BREWER, C. J.

The issue in this case is whether a motor vehicle liability insurance policy issued for delivery in Oregon must, subject to exceptions not applicable here, provide Personal Injury Protection (PIP) coverage to all persons who use an insured motor vehicle with the consent of the named insured. Defendant insurer appeals from a general judgment that was based on the trial court's grant of partial summary judgment in favor of plaintiff, a permissive user under a liability policy that defendant issued to the named insured, in which the court answered that question in the affirmative. On appeal, defendant asserts that the trial court's decision does not comport with ORS 742.520(1), which, according to defendant, does not require the provision of PIP benefits to permissive users. We affirm.

We review a grant of summary judgment "to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law." *Herman v. Valley Ins. Co.*, 145 Or App 124, 127-28, 928 P2d 985 (1996), *rev den*, 325 Or 438 (1997); *see also* ORCP 47 C. Here, the material facts are undisputed and, as explained below, the decisive question is one of statutory construction. Plaintiff was injured in a motor vehicle accident in which he was driving his mother's automobile with her permission. The accident was caused by the negligence of another driver. At the time of the accident, the automobile that plaintiff was driving was covered by a liability insurance policy (the policy) that defendant had issued under which plaintiff's mother was the sole named insured. Plaintiff was not living in his mother's household at the time of the accident.

Plaintiff sought PIP benefits under the policy for accident-related medical expenses and wage loss. Defendant denied plaintiff's claim on the ground that he was not entitled to PIP benefits because he was not living in his mother's household at the time of the accident. Plaintiff then filed this action against defendant for breach of contract. The parties' dispute centered on the meaning of two statutes, ORS 742.520(1) and ORS 806.080(1)(b), which we consider in detail below. The trial court concluded that, "pursuant to

ORS 742.520, as a person insured under [defendant's] liability policy, plaintiff is entitled to PIP coverage under that policy as a matter of law." The court then entered a general judgment in plaintiff's favor for PIP benefits in the amount of $24,224. Defendant appeals that judgment.

ORS 742.520(1) provides:

"Every motor vehicle liability policy issued for delivery in this state that covers any private passenger motor vehicle shall provide personal injury protection benefits to the person insured thereunder, members of that person's family residing in the same household, children not related to the insured by blood, marriage or adoption who are residing in the same household as the insured and being reared as the insured's own, passengers occupying the insured motor vehicle and pedestrians struck by the insured motor vehicle."

Defendant renews on appeal its contention that, because plaintiff did not reside in the household of his mother—defendant's named insured—at the time of the accident, defendant was not required to provide PIP benefits to plaintiff even though he was operating an insured vehicle with the consent of the named insured.

Plaintiff replies that a different statute, ORS 806.080(1)(b), when applied in conjunction with ORS 742.520(1), required defendant to provide him with PIP benefits. ORS 806.080(1)(b) provides:

"A motor vehicle liability insurance policy used to comply with financial responsibility requirements under ORS 806.060 must meet all of the following requirements:

"* * * * *

"(b)  It must insure the named insured and all other persons insured under the terms of the policy against loss from the liabilities imposed by law for damages arising out of the ownership, operation, use or maintenance of those motor vehicles by persons insured under the policy. *The policy must include in its coverage all persons who, with the consent of the named insured, use the motor vehicles* insured under the policy, except for any person specifically excluded from coverage under ORS 742.450."

(Emphasis added.) According to plaintiff, the policy afforded him liability coverage because he was a permissive user. It follows, plaintiff reasons, that, as an insured under the liability coverage of the policy, he was entitled to PIP benefits pursuant to ORS 742.520(1). Relatedly, plaintiff asserts, the fact that he was not a member of his mother's household at the time of the accident is immaterial to his entitlement to PIP benefits.[1]

In interpreting statutes, our task is to attempt to discern the intent of the legislature. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) (discerning the intent of the legislature is the court's "paramount goal" in statutory interpretation). We begin by considering the text and context of the statute. *Id.* We then turn to any pertinent legislative history that the parties have offered and, if necessary, applicable canons of construction. *Id.* at 172-73.

Defendant's argument is straightforward: (1) ORS 742.520(1) establishes PIP benefit eligibility requirements; (2) plaintiff does not fall within the ambit of covered persons under that statute; and (3) ORS 806.080(1)(b) is of no assistance to plaintiff, because that statute only requires coverage for permissive users for purposes of motor vehicle liability coverage, not PIP benefits. As defendant sees things, the legislature knew how to require coverage for permissive users by expressly mandating it for purposes of liability coverage, ORS 806.080(1)(b), and uninsured and underinsured motorist coverage, ORS 742.504(2)(c)(C). It follows, defendant reasons, that the legislature's failure to impose a similar requirement in ORS 742.520 is fatal to plaintiff's claim. In addition, defendant observes that, before the enactment of ORS 806.080(1)(b), this court had held that an earlier iteration of ORS 742.520(1) did not provide PIP coverage for permissive users who were not passengers in an insured motor vehicle. *See Mid-Century Ins. Co. v. Utah Home Fire Ins. Co.*, 58 Or App 210, 212-13, 648 P2d 68, *rev den*, 293 Or 653 (1982) (so holding).[2]

---

[1] The policy in this case is consistent with the text of the pertinent statutory provisions. Accordingly, we confine our analysis to the parties' statutory construction dispute.

[2] That statute, *former* ORS 743.800 (1971), *renumbered as* ORS 742.520 (1989), was, for present purposes, identically worded to ORS 742.520(1)(b).

When considered in its proper statutory context, we arrive at a different conclusion as to the meaning of ORS 742.520(1). That statute requires "every motor vehicle liability policy" issued for delivery in Oregon to provide PIP benefits to "the person insured thereunder." The word "thereunder" refers to the antecedent subject, "every motor vehicle liability policy." It follows that, to qualify for PIP benefits under the policy in this case, plaintiff must be "the person insured" under the policy. In defendant's view, the latter phrase must, in light of its prefatory definite article, refer to *the named* insured under the policy. We disagree. Persons insured under a motor vehicle insurance policy are not limited to the named insured(s). ORS 806.080(1)(b) requires all liability insurance policies to "insure the named insured and all other persons insured under the terms of the policy against loss[.]" As pertinent here, included among such insured persons are "all persons who, with the consent of the named insured, use the motor vehicle insured under the policy[.]" ORS 806.080(1)(b). Thus, ORS 806.080(1)(b) informs the meaning of ORS 742.520(1), and it leads to the conclusion that, because he is a person insured under the liability provisions of the policy, plaintiff is also an insured for purposes of PIP benefits under the policy.

Our decision in *Mid-Century Ins. Co.* is not controlling here, because it predated the amendment of ORS 806.080(1)(b) in 1991 that extended the provision of liability coverage to permissive users unless they are excluded under ORS 742.450.[3] *See* Or Laws 1991, ch 768,

---

[3] ORS 742.450 provides, in pertinent part:

"(6) A motor vehicle liability insurance policy issued for delivery in this state may exclude by name from coverage required by subsection (2)(a) of this section any person other than the named insured, for any of the reasons stated in subsection (7) of this section. When an insurer excludes a person as provided by this subsection, the insurer shall obtain a statement or indorsement, signed by each of the named insureds, that the policy will not provide any coverage required by subsection (2)(a) of this section when the motor vehicle is driven by any named excluded person.

"(7) A person may be excluded from coverage under a motor vehicle liability insurance policy as provided in subsection (6) of this section:

"(a) Because of the driving record of the person. The Director of the Department of Consumer and Business Services by rule may establish restrictions on the use of the driving record in addition to other restrictions established by law.

§ 8.[4] Stated differently, when the universe of persons insured under motor vehicle liability insurance policies was expanded under ORS 806.080(1)(b) to include most permissive users, the universe of persons insured for purposes of PIP coverage under ORS 742.520(1) expanded correspondingly. The fact that ORS 742.520(1) lists additional categories of persons entitled to PIP coverage—including household family members of the person insured under a liability policy—does not undercut that conclusion. Subject to ORS 742.450, such persons include all permissive users, regardless of whether they otherwise fall into an additional category of PIP beneficiaries under ORS 742.520(1). The same person logically can be entitled to PIP coverage by virtue of multiple categories of eligibility; for example, a passenger in an insured motor vehicle who also is a family member residing in the household of the insured is entitled to PIP coverage for both reasons. Likewise, a permissive user who is an insured under the liability policy is entitled to PIP benefits whether or not he or she also would be eligible for such benefits under one of the categories enumerated in ORS 742.520(1).[5]

We conclude that, because plaintiff was injured while operating an insured motor vehicle with the consent of the named insured, plaintiff was insured under the liability policy in this case, and, therefore, plaintiff also was entitled to PIP benefits in accordance with ORS 742.520(1).[6] It follows

---

"(b) Because of any reason or set of criteria established by the director by rule."

[4] The primary—and for present purposes, the only pertinent—substantive change that the 1991 amendment made to the statute was the addition of the second sentence of paragraph (1)(b), which requires coverage for permissive users.

[5] Defendant lists a parade of horribles that it asserts would flow from our conclusion, none of which is persuasive. Among such horribles, defendant argues that "[p]laintiff's theory would result in PIP for a totally separate household and a totally separate family, all unrelated to the policyholder." To the extent that that is true, ORS 742.520(1) plainly so provides. For example, all passengers in an insured motor vehicle are entitled to PIP benefits regardless of whether they are related to the insured under the policy. Moreover, permissive users such as plaintiff are covered under ORS 806.080(1)(b)—and derivatively under ORS 742.520(1)—only if they are using an insured vehicle with the consent of the *named* insured. Thus, a permissive user could not trigger a stranger's entitlement to PIP coverage by furnishing a vehicle to that person for use without the named insured's consent.

[6] We have examined the legislative history of ORS 742.520(1), which is of little assistance because, as discussed, it was enacted before the 1991 amendment to

that the trial court did not err in entering judgment for plaintiff.

Affirmed.

---

ORS 806.080(1)(b) was enacted. Suffice it to say that nothing contained in that legislative history is inconsistent with our conclusion in this case.