No. 570　　　　　August 14, 2024　　　　　399

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Michael HARRIS,
*Plaintiff,*
*and*

Shana HARRIS,
*Plaintiff-Appellant,*

*v.*

STATE FARM FIRE AND CASUALTY COMPANY,
*Defendant-Respondent.*

Washington County Circuit Court
22CV30582; A180640

Erik M. Bucher, Judge.

Argued and submitted July 10, 2024.

Shana Harris, California, argued the cause and filed the briefs *pro se*.

Douglas F. Foley argued the cause for respondent. Also on the brief was Foley Sampson & Lewis, PLLC, Washington.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Balmer, Senior Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Plaintiff brought this action against defendant for breach of an insurance contract after defendant denied plaintiff's insurance claim for damage to a rental home. The trial court granted summary judgment for defendant and dismissed the action. The court did so based on a contractual provision in the policy that provides, "No action shall be brought unless there has been compliance with the policy provisions *and the action is started within two years after the date of loss or damage.*" (Emphasis added.) That provision was required to be included in the policy pursuant to ORS 742.240.

Plaintiff assigns error to the summary judgment ruling, arguing that her action was timely filed.[1] It is undisputed that the date of loss was July 6, 2020, and that the present action was filed more than two years later on July 29, 2022. However, plaintiff points to a prior action that she filed against defendant on November 30, 2021, which was dismissed on May 26, 2022. She asserts that the prior action was dismissed on procedural grounds, that she filed this action 64 days later, and that ORS 12.220 therefore requires this action to be viewed as relating back to the prior action for time-limitation purposes. ORS 12.220 provides, in relevant part, that if an action is filed within the statute of limitations and is then "involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action, *** the plaintiff may commence a new action based on the same claim or claims against a defendant in the original action," and if the new action is commenced within 180 days of the dismissal of the original action, "the new action is not subject to dismissal by reason of not having been commenced within the time allowed by statute."

Defendant argues that we should reject plaintiff's argument for lack of preservation. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."). Plaintiff, appearing *pro se*, represents that she attempted

---

[1] The standard for summary judgment is set forth in ORCP 47 C. On review of an order granting summary judgment, we view the record in the light most favorable to the nonmoving party—here, plaintiff—to determine whether the legal standard for summary judgment in ORCP 47 C was met. *Wirth v. Sierra Cascade, LLC*, 234 Or App 740, 745, 230 P3d 29, *rev den*, 348 Or 669 (2010).

to raise ORS 12.220 at the summary judgment hearing. However, she cannot actually demonstrate preservation as required by ORAP 5.45(4)—or facts sufficient to excuse preservation—because the summary judgment hearing was not transcribed and is not part of the appellate record. *See* ORAP 5.45(4)(a)(ii) ("Each assignment of error must set out pertinent quotations of the record where the question or issue was raised and the challenged ruling was made, together with reference to the pages of the transcript or other parts of the record quoted \*\*\*."). That alone would normally be dispositive.

We will assume for present purposes, however, that the transcript would confirm plaintiff's representations— *i.e.*, that it would show either that the issue was preserved or that preservation should be excused. Even so, plaintiff's argument fails on the merits for two reasons.

First, there is nothing in the appellate record to establish that the prior action was "involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action." ORS 12.220(1). Plaintiff represents that, when the prior action was tried in May 2022, the court made favorable comments about the merits of plaintiff's claim and expressly stated that it was dismissing the claim solely on procedural grounds relating to the absence of a necessary party. However, again, we cannot rely on a party's representations, only the actual appellate record and, to a limited extent, judicial notice. *See SAIF v. Calder*, 157 Or App 224, 227, 969 P2d 1050 (1998) (describing limited circumstances in which judicial notice may be taken). Here, nothing from the prior action has been included in the appellate record. We take judicial notice of the order of dismissal, as we understand both parties to request, but it does not help plaintiff. The order of dismissal states that the "evidence being insufficient to support the claim, the case is hereby dismissed." That language suggests an adjudication on the merits.

Second, even if plaintiff could establish that the prior action was dismissed without an adjudication of the merits, ORS 12.220 still would not apply as a matter of law. The trial court ruled that plaintiff's action was untimely

based on the *contractual* two-year time limitation to bring an action under the policy, not based on a *statute of limitations*. On its face, ORS 12.220 applies only to statutes of limitation. We disagree with plaintiff that ORS 12.220 reflects a legislative intent that goes beyond statutes of limitations. Under existing case law, the policy provision required by ORS 742.240 is a contractual provision, not a statute of limitations. In *Herman v. Valley Ins. Co.*, 145 Or App 124, 126, 928 P2d 985 (1996), *rev den*, 325 Or 438 (1997), we affirmed the grant of summary judgment for an insurer and the related dismissal of the plaintiff's claims, where the action was not filed within the contractual two-year period to file claims under the policy. In doing so, we held "that the statutorily required suit limitation provision in plaintiff's insurance policy is a contract condition rather than a statute of limitations." *Id*. at 130. Similarly, in *Ben Rybke Co. v. Royal Globe Insurance Co.*, 293 Or 513, 517, 651 P2d 138 (1982), the court stated regarding the predecessor statute to ORS 742.240, "This statute is not a statute of limitations. It is one of a series of sections in the insurance code which require that various specific provisions be contained in fire insurance policies[.]"[2] Because ORS 12.220 applies only to statutes of limitations, not contractual provisions, plaintiff's argument cannot prevail.

We understand that it is extremely difficult to represent oneself in civil litigation and that plaintiff may view holding her to the two-year time limitation in the policy in these circumstances as a legal technicality. However, the law generally applies equally to all parties, whether represented or *pro se*, and here, as a matter of law, the trial court did not err in concluding that plaintiff's action was untimely and granting summary judgment for defendant on that basis.

Affirmed.

---

[2] By its terms, ORS 742.240 only applies to fire insurance policies, but this court has held that the requirement also applies to homeowner policies. *See Herman*, 145 Or App at 126 n 1.