Argued and submitted April 21, affirmed October 19, 1994

## In the Matter of the Compensation of
## Brian W. Andrews, Claimant.

## SAIF CORPORATION
## and CARCO Industries, Inc.,
*Petitioners,*

*v.*

## Brian W. ANDREWS,
*Respondent.*

## (WCB 91-18171; CA A81311)

883 P2d 248

Steve Cotton, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert Wollheim argued the cause for respondent. With him on the brief was Welch, Bruun, Green & Wollheim.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

SAIF Corporation seeks review of an order issued by the Workers' Compensation Board. SAIF argues that the Board misinterpreted ORS 656.262(6) and, as a result, improperly assigned the burden of proof. We affirm.

■     On August 24, 1991, claimant injured his left ankle while playing softball at a company picnic. SAIF accepted his claim on November 19, 1991, but rescinded the acceptance and denied the claim on the following day. Claimant requested a hearing and the referee determined that his claim was not compensable. On appeal, the Board reversed the referee's order, concluding that SAIF had failed to prove by clear and convincing evidence that claimant's injury was not compensable. SAIF requested reconsideration and argued that the burden of proof was improperly assigned.[1] The Board determined that the allocation of the burden of proof at the hearing was proper under ORS 656.262(6).[2]

SAIF assigns as error the Board's interpretation of ORS 656.262(6). We review for errors of law. ORS 183.482-(8)(a). ORS 656.262(6) provides, in part:

> "Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer or insurer has notice or knowledge of the claim. However, if the insurer or self-insured employer accepts a claim in good faith but later obtains evidence that the claim is not compensable or evidence that the paying agent is not responsible for the claim, the insurer or self-insured employer, *at any time up to two years from the date of claim acceptance*, may revoke the claim acceptance and issue a formal notice of claim denial. However, if the worker requests a hearing on such denial, the insurer or self-insured employer must prove by clear and convincing evidence that the claim is not compensable or that

---

[1] Claimant urges us to affirm the Board's decision on the basis that SAIF failed to preserve the burden of proof issue at the administrative hearing. In its order on reconsideration, the Board determined that SAIF had not preserved the burden of proof issue but, nevertheless, proceeded to address the merits of that issue adversely to SAIF. Because the Board addressed the substance of SAIF's argument, the burden of proof issue was preserved for our review.

[2] After the Board issued its first order on reconsideration, SAIF requested a second reconsideration. The Board undertook review, and adhered to the decision in the first order on reconsideration with minor supplementation.

the paying agent is not responsible for the claim." (Emphasis supplied.)

Under the Board's interpretation of the statute, once an insurer accepts a claim, it has two years from that date to issue a "back-up" denial. If that denial is contested, the insurer must demonstrate by clear and convincing evidence that the claimant's injury is not compensable. SAIF argues that the two-year back-up denial period, with its concomitant shift in the burden of proof, is not triggered by claim acceptance. Rather, SAIF contends, the two-year period does not begin to run until the 90-day period in which it must accept or deny the claim expires.

In interpreting a statute, we must discern legislative intent, and our starting point is to examine the text of the statute itself. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Here, the statute unambiguously states that the two-year back-up denial period runs *from the date of claim acceptance*. To accept SAIF's interpretation of ORS 656.262(6) would require us to omit what the legislature has inserted and ignore the statute's clear direction, which we may not do. ORS 174.010. The Board correctly determined that the two-year back-up denial period began once SAIF accepted the claim. Therefore, when SAIF issued a subsequent denial and claimant challenged that denial, SAIF was required to prove by clear and convincing evidence that claimant's injury was not compensable. The burden of proof was properly allocated under ORS 656.262(6).

Affirmed.