**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD D. HOLMES; GINA Y. KOPP, | No.    13-35117 |
| Plaintiffs-Appellants, | D.C. No. 6:09-cv-06023-AA |
| v. | |
| WESTERN TITLE & ESCROW COMPANY, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| LLOYD RAGAN; GLENDA RAGAN, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted June 16, 2017 [**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Donald D. Holmes and Gina Y. Kopp ("Appellants") appeal pro se the district court's judgment in their diversity action against Lloyd and Glenda Ragan ("the Ragans"). Appellants alleged intentional misrepresentation and breach of contract under Oregon law in connection with their purchase of a mobile home ("the home") from the Ragans. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's findings of fact for clear error and the district court's conclusions of law de novo. *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011). Mixed questions of law and fact are also reviewed de novo. *Id*.

**1.** There was no error in entering judgment for the Ragans on Appellants' intentional-misrepresentation claim based on an alleged pre-sale statement that the home had no rodents or mold. The district court did not clearly err in finding that the Ragans lacked knowledge of rats or mold in the home at the time of the sale agreement and that the mold found after the storm was not in existence at the time of the sale agreement. The district court also did not clearly err in finding that Appellants did not rely on any statements by the Ragans regarding mold or rats when purchasing the home. Because Appellants did not establish misrepresentation,

2

knowledge, or reliance, there was no error in finding that Appellants failed to prove intentional misrepresentation. *See Or. Pub. Emps.' Ret. Bd. v. Simat, Helliesen & Eichner*, 83 P.3d 350, 359 (Or. Ct. App. 2004).

**2.** There was no error in entering judgment for the Ragans on Appellants' breach-of-contract claim. Because the Ragans lacked knowledge of rats in the home at the time of the sale agreement, there was no breach of a warranty of freedom from material defects or a breach of the implied covenant of good faith and fair dealing. *See Brockway v. Allstate Prop. & Cas. Ins. Co.*, 391 P.3d 871, 879 (Or. Ct. App. 2017). Further, there was no written agreement regarding a sixty-day limit for repair of the storm damage, and any oral agreement to that effect would have violated the statute of frauds. *See* Or. Rev. Stat. § 41.580(1)(e); *Kazlauskas v. Emmert*, 275 P.3d 171, 178 (Or. Ct. App. 2012). Moreover, the duty of good faith and fair dealing did not require an assignment of the Ragans' insurance claim or a power of attorney to authorize Appellants to direct the home's repairs to their satisfaction. *See Brockway*, 391 P.3d at 879.

**3.** Finally, there was no error in entering judgment for the Ragans on the parties' claim and counterclaim for declaratory relief regarding $8,000 the Ragans placed in escrow pending completion of repairs. The district court did not clearly err in finding that the parties' escrow agreement did not include any time limit for the

3

repairs, that the repairs were fully completed, and that Holmes said he would not hold the Ragans to any repair deadline.

**AFFIRMED.**