802 April 16, 2025 No. 350

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Patrick J. Geoghegan, Claimant.

Patrick J. GEOGHEGAN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Oregon State University,
*Respondents.*

Workers' Compensation Board
2202632; A184162

Submitted March 18, 2025.

Patrick Geoghegan filed the briefs *pro se*.

Michelle L. Shaffer filed the brief for respondents.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Claimant, appearing *pro se*, seeks judicial review of a Workers' Compensation Board (board) order on review affirming an order of the administrative law judge (ALJ). In a single assignment of error, claimant argues that the board erred when it concluded that equitable estoppel did not apply. We affirm.

Claimant is a chemical engineering professor. In November 2021, claimant was at work and sat on a folding chair that collapsed, causing him to fall onto his back and hit his head. Although the university's insurer, SAIF, accepted his claim for several conditions including a "thoracic strain," it denied claimant's claim for a "T5 compression fracture" because the condition was "not compensably related to [his] work injury."

Claimant appeared *pro se* at the contested case hearing. After SAIF did not dispute that the compression fracture existed, the following exchange occurred:

"[THE ALJ]:   A causation opinion is different than a diagnosis. So help me see—point out to me where, in any of [the attending physician's] chart notes, he talks about what caused the condition or the diagnosis.

"[CLAIMANT]:   Well, honestly, you're going—there is none. But my argument would be that there can't be a pre-existing condition up to the age where I was 32 to 36. So the likelihood of me going through a compression fracture other than through this incident is going to be very improbable. Can someone say—so let me—so x-rays can't be used to give you a timeline on when incidences occurred.

"[THE ALJ]:   Right. There's no dispute you have this compression fracture. What I need to decide is what caused it.

"[CLAIMANT]:   Well, the only clear evidence I can say is up to the point of 2011, there was no compression fracture."

Although the ALJ was "persuaded" that claimant's compression fracture existed, it found that "the only medical expert to address causation" was the orthopedic surgeon who performed claimant's independent medical evaluation and that

the orthopedic surgeon "opined that claimant's injury was not a material cause of the need for treatment of the T5 condition." After finding that claimant "acknowledged that he did not have any medical opinion supporting causation," the ALJ determined that claimant failed to meet his burden of proof and affirmed SAIF's denial.

Claimant sought reconsideration, relying on an email that the head of the School of Chemical, Biological, and Environmental Engineering (university employee) sent six days before SAIF denied claimant's claim. Claimant argued that the email "establishe[d] the causation of the T5 compression fracture acknowledged by the ALJ." That email provided, in relevant part:

> "[Claimant] broke a vertebrae in his back when a chair collapsed in the advising tent in the courtyard this past Fall term.
>
> "As a result, he has not been able to use much of the discretionary funds.
>
> "Would it be possible for him to carry the [discretionary funds] into the coming year?"

SAIF responded that claimant did not present the email at the hearing, that "the board's review is limited to evidence admitted at the hearing and excludes new evidence," that the board was required to "treat[] such a submission as a motion for remand to the ALJ for the taking of additional evidence," and that remand was not appropriate.

The board adopted and affirmed the ALJ's order. After acknowledging that "claimant contends that the employee email establishes the work event caused the T5 compression fracture," the board found that "the record does not establish that the employee email constitutes an acceptance of the T5 compression fracture." In a footnote, the board stated:

> "To the extent that claimant's argument raises an equitable estoppel theory, we would find that the doctrine does not apply because the record does not persuasively establish that the employee email represented that the employer was accepting claimant's T5 compression fracture claim."

On judicial review, claimant's sole assignment of error challenges the board's determination that the doctrine of equitable estoppel "does not apply."

"We review the board's legal conclusions for legal error and its determinations on factual issues for substantial evidence and substantial reason."

*SAIF v. Williams*, 304 Or App 233, 243, 466 P3d 1052 (2020).

We conclude the board did not err when it determined that equitable estoppel did not apply.[1] To establish the doctrine of equitable estoppel, claimant was required to prove—among other elements—that the university employee represented that the university accepted his claim "with knowledge of the facts." *Brockway v. Allstate Property and Casualty Ins. Co.*, 284 Or App 83, 90, 391 P3d 871 (2017) (stating the elements of equitable estoppel). We have reviewed the record and conclude that it lacks evidence that the university employee had "knowledge of the facts" of claimant's claim when he sent the email. Although claimant argues on judicial review that the "[the university employee] was copied on all SAIF emails to the claimant up to the denial of the claim," the record does not support that assertion. Moreover, in explaining why he "could *** not raise the [university] representation" to the ALJ, claimant acknowledges that he "could not assume the basis of the representation was medically founded." As a consequence, because the record lacks evidence that the university employee had "knowledge of the facts" of claimant's claim when he sent the email, we conclude that the board did not err when it determined that equitable estoppel did not apply. *See Brockway*, 284 Or App at 90 (explaining equitable estoppel requires, among other elements, that the "false representation" is "made with knowledge of the facts").

Affirmed.

---

[1] Although we observe that claimant did not raise an equitable estoppel argument to the ALJ, we conclude that the argument is preserved for our review because the board "proceeded to address the merits of that issue." *SAIF v. Andrews*, 130 Or App 620, 622 n 1, 883 P2d 248 (1994) (concluding that the "burden of proof issue was preserved for our review" when "the Board determined that [the petitioner] had not preserved the burden of proof issue but, nevertheless, proceeded to address the merits of that issue").